Daniel C. Fleming, Esq. (Bar No. 18631986)
WONG FLEMING P.C.
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
(609) 951-9520
Fax: (609) 951-0270

*Attorney for Plaintiff Chem Rx Pharmacy Services, LLC f/k/a Chem Rx Acquisition Sub, LLC, as assignee of Chem Rx Corporation d/b/a Chem Rx New Jersey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| Chem Rx Pharmacy Services, LLC f/k/a Chem Rx Acquisition Sub, LLC, As Assignee of Chem Rx Corporation d/b/a/ Chem Rx New Jersey,<br><br>　　　Plaintiff<br>v.<br><br>Princeton Nursing Home & Rehabilitation Center, Inc. d/b/a Princeton Care Center,<br><br>　　　Defendant. | DOCKET NO. _____<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff Chem Rx Pharmacy Services, LLC f/k/a Chem Rx Acquisition Sub, LLC, As Assignee of Chem Rx New Jersey, LLC ("Chem Rx") for its Complaint against Princeton Nursing Home & Rehabilitation Center, Inc. d/b/a Princeton Care Center ("Princeton Care"), states as follows:

**Nature Of The Action**

1.　This action arises out of (i) Princeton Care's failure to pay Chem Rx for pharmacy-related goods and services provided by Chem Rx to the residents of a skilled nursing facility (the

"Facility") located in New Jersey owned and operated by Princeton Care and (ii) Princeton Care's improper termination of the March 1, 2007 Vendor Pharmacy Contract (the "Contract") between Princeton Care and Chem Rx.[1]

## The Parties

2.  Chem Rx is a limited liability company organized in Delaware. Its sole member, Pharmacy Corporation of America, is a California corporation with its principal place of business in Louisville, Kentucky. Chem Rx provides pharmacy-related goods and services to residents of long-term care and skilled nursing facilities. For diversity purposes, it is a citizen of California and Kentucky.

3.  Princeton Care is a New Jersey corporation with its principal place of business in Princeton, New Jersey. For diversity purposes, it is a citizen of New Jersey.

## Jurisdiction and Venue

4.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

5.  The Court has personal jurisdiction over Princeton Care because it conducts business in this forum through its skilled nursing facility.

6.  Venue is proper in this Court because Princeton Care resides in this judicial district.

## Statement of Facts

7.  On or about March 1, 2007, Chem Rx entered into the Contract with Princeton Care to provide pharmacy-related goods and services to the residents of the Facility.

---

[1] A redacted copy of the Contract is attached as Exhibit A. The copy has been redacted due to the presence of confidential information, including pricing information. Unredacted copies can be provided to Princeton Care and the Court upon request.

8. Chem Rx performed all obligations required of it under the Contract, including by providing pharmacy-related goods and services to the Facility, and otherwise satisfied all conditions precedent to payment.

9. Chem Rx submitted to Princeton Care monthly invoices for the pharmacy-related goods and services it provided.

10. Pursuant to Section 3(a) of the Contract, Princeton Care is obligated to pay for the pharmacy-related goods and services provided by Chem Rx within 60 days.

11. Despite repeated demands for the sums due and owing under the Contract, Princeton Care has failed and refused to pay for pharmacy-related goods and services provided by Chem Rx.

12. The value of the pharmacy-related goods and services provided by Chem Rx for which Chem Rx has not received payment from Princeton Care exceeds $508,000, exclusive of interest.

13. Upon information and belief, Princeton Care has reported Chem Rx's invoice charges as valid expenses to Medicare on Princeton Care's annual cost reports.

14. Upon information and belief, Princeton Care has been reimbursed by Medicare for all or a significant portion of pharmacy-related goods and services provided by Chem Rx, and have directly or indirectly benefited from such reimbursement.

15. Upon information and belief, Princeton Care has reported Chem Rx's invoice charges as valid expenses to the Internal Revenue Service for the purpose of reducing the amount of adjusted gross income on which Princeton Care must pay taxes. As a result, Princeton Care paid lower taxes than it otherwise would have had to pay.

16. Pursuant to Section 4 of the Contract, either party could terminate the Contract upon 30 days' prior written notice. However, Section 4 provides that no notice of termination from Princeton Care is valid unless it is current in its payments to Chem Rx.

17. By letter dated April 30, 2015, Princeton Care purported to terminate the Contract effective May 18, 2015.

18. On May 18, 2015, Princeton Care stopped ordering pharmacy-related goods and services from Chem Rx.

19. At the time Princeton Care sent the termination letter and at the time it stopped ordering pharmacy-related goods and services from Chem Rx, Princeton Care was not current in its payments to Chem Rx.

20. Princeton Care did not provide Chem Rx 30 days' prior written notice of its intent to terminate the Contract.

21. Pursuant to Section 4 of the PSA, all sums due to Chem Rx from Princeton Care were required to be paid within 15 days of any termination, and any outstanding balance not paid on time would be subject to interest at a rate of 12% per annum.

## COUNT I – BREACH OF CONTRACT (Failure to Pay)

22. Chem Rx incorporates by reference the allegations set forth above.

23. Princeton Care entered into the Contract, which provides that Princeton Care is obligated to pay for the pharmacy-related goods and services provided by Chem Rx.

24. The Contract is a valid and enforceable contract between Chem Rx and Princeton Care.

25. Chem Rx performed all of its obligations under the Contract.

26. Without legal justification, Princeton Care materially breached the Contract by failing to pay sums due and owing to Chem Rx for pharmacy-related goods and services it provided.

27. As a direct and proximate result of Princeton Care's breach of the Contract, Chem Rx has suffered damages in that it has not been paid for pharmacy-related goods and services it provided.

28. Interest is accruing on the unpaid amounts pursuant to the PSA and law.

### **COUNT II – BREACH OF CONTRACT (Improper Termination)**

29. Chem Rx incorporates by reference the allegations set forth above.

30. Princeton Care entered into the Contract, which is a valid and enforceable contract between Princeton Care and Chem Rx.

31. Chem Rx performed all of its obligations under the Contract.

32. The Contract provided that Princeton Care could not terminate the Contract while amounts were due and owing to Chem Rx.

33. The Contract further provided that any notice of termination of the Contract had to be provided in writing at least 30 days prior to the termination.

34. Without legal justification or excuse, Princeton Care materially breached the Contract by terminating it while amounts owing to Chem Rx were past due.

35. Further, without legal justification or excuse, Princeton Care materially breached the Contract by terminating it on less than 30 days' prior written notice.

36. As a direct and proximate result of Princeton Care's breach of the Contract, Chem Rx has suffered damages, including lost profits.

## COUNT III – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

37. Except to the extent inconsistent with the relief sought in this Count III, Chem Rx incorporates by reference the allegations set forth above.

38. Chem Rx conferred a benefit on Princeton Care by providing it with valuable pharmacy-related goods and services.

39. Princeton Care has not paid Chem Rx for those pharmacy-related goods and services.

40. Chem Rx's pharmacy-related goods and services were provided under circumstances pursuant to which Princeton Care knew, or reasonably should have known, that Chem Rx would expect to be compensated.

41. Princeton Care wrongfully and intentionally withheld payment(s) due to Chem Rx for the pharmacy-related goods and services Chem Rx provided.

42. By withholding payment from Chem Rx for pharmacy-related goods and services it received and retained, Princeton Care has been unjustly enriched.

43. Princeton Care has knowingly and willingly received, or will receive, reimbursement from Medicare for pharmacy-related goods and services provided by Chem Rx.

44. Princeton Care has a legal duty to immediately remit to Chem Rx the proceeds received in reimbursement from Medicare if they have not timely paid invoices as required by the Contract.

45. Princeton Care has a fiduciary duty to immediately remit to Chem Rx proceeds received in reimbursement from Medicare for pharmacy-related goods and services provided by Chem Rx.

46. By withholding payment from Chem Rx for pharmacy-related goods and services for which Princeton Care has received reimbursement from Medicare, Princeton Care has been unjustly enriched.

47. It is against equity and good conscience to permit Princeton Care to retain the Medicare reimbursements without paying for pharmacy-related goods and services provided by Chem Rx for which such reimbursements were made.

48. For these reasons, a constructive trust should be imposed on any and all proceed which have been, or hereafter are, received by Princeton Care as reimbursement by Medicare for pharmacy-related goods and services provided by Chem Rx.

## **COUNT IV – ACCOUNT STATED**

49. Except to the extent inconsistent with the relief sought in this Count IV, Chem Rx incorporates by reference the allegations set forth above.

50. Pursuant to the Contract, Chem Rx provided goods and services to Princeton Care and Affinity is obligated to pay Chem Rx for those goods and services.

51. Chem Rx delivered invoices for goods and services supplied by Chem Rx to Princeton Care. Princeton Care received those invoices.

52. Princeton Care did not object to or dispute such invoices within a reasonable period of time. Therefore, Princeton Care assented to the amounts stated in the invoices as being due and owing.

53. Princeton Care, without justification, excuse, or dispute of such invoices, has not paid Chem Rx the amounts invoiced. *See* Exhibit B.

**PRAYER FOR RELIEF**

WHEREFORE, Chem Rx requests judgment in its favor and against Chem Rx as follows:

A. An award to Chem Rx of damages in an amount to be proven at trial;

B. An award to Chem Rx of pre-judgment and post-judgment interest as permitted by the PSA and law; and

C. An award to Chem Rx of such other and further relief to which Chem Rx may be entitled.

Dated: August 17, 2015                    Respectfully submitted by:

WONG FLEMING
Attorneys for Plaintiff

*/s/ Daniel C. Fleming*
By:  Daniel C. Fleming
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
Phone:  (609) 951-9520
Facsimile:  (609) 951-0270
DFleming@wongfleming.com

And

Of Counsel:

Benjamin C. Fultz, *Pro Hac Vice Admission to Be Sought*
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
(502) 588-2000
Fax:  (502) 588-2020
bfultz@fmdlegal.com